# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BLUEFIELD

**UNITED STATES OF AMERICA**

**v.**                                               **CRIMINAL NO. 1:07-00157**

**JERMAINE DONNELL BANKS**

## MEMORANDUM OPINION AND JUDGMENT ORDER

Pending before the Court is defendant's motion to reduce his sentence based upon the First Step Act of 2018. (ECF No. 125). On December 21, 2018, the First Step Act was signed into law. See Pub. L. No. 115-391, 132 Stat. 5194 (2018). The First Step Act applies the relief provided in the Fair Sentencing Act of 2010, which reduced the disparity in the treatment of crack and powder cocaine offenses, retroactively to eligible defendants. Under the First Step Act, "a court that imposed a sentence for a covered offense" may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." Id. at § 404(b).

To be eligible for a reduced sentence under the First Step Act, a defendant's sentence must not have been previously imposed or reduced in accordance with Sections 2 and 3 of the Fair Sentencing Act. Id. at § 404(c). In addition, a sentence may not be reduced if the defendant has made a previous motion for a reduction under the First Step Act that was denied on the merits. Id. Furthermore, a court is not required to reduce a sentence under the First Step Act. Id.

On August 27, 2007, defendant pled guilty to an amended information charging him with possession with intent to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B). This offense triggered a five-year mandatory minimum sentence with a maximum sentence of 40 years. Defendant's guidelines were calculated to be within a range of 188 to 235 months and he was sentenced to a term of imprisonment of 192 months. Defendant's projected release date is August 16, 2020.

As the parties agree, defendant's offense of conviction is a "covered offense" because it was committed before August 3, 2010 and the applicable penalties were modified by section 2 of the Fair Sentencing Act which increased the drug quantities necessary to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Specifically, the threshold requirement to trigger the mandatory minimum sentence of five years under 21 U.S.C. § 841(b)(1)(A) was increased from 5 grams to 28 grams. Furthermore, defendant's sentence was not previously imposed or reduced in accordance with the First Step Act nor has he made another motion for a sentence reduction under the Act. Retroactive application of the First Step Act in defendant's case yields a statutory maximum sentence of twenty years and a guideline range of 151 to 188 months.

The court has considered the record in this case, including the original Presentence Investigation Report (PSI), original Judgment and Commitment Order and Statement of Reasons, a memorandum received from the Probation Office, and any materials submitted by the parties on this issue. The court has also considered the applicable factors under 18 U.S.C. § 3553(a).

The United States has indicated that it does not object to a reduction in the defendant's sentence that is within the revised guidelines range or a reduction in his term of supervised release to three years.

The First Step Act does not provide specific guidance as to how reductions should be implemented which has led to a difference of opinion on the proper procedure to be utilized.

> Although the parties agree on the ultimate result (which is probably all that matters to the defendant), they disagree on several matters relating to motions filed pursuant to the Act. Congress has not provided much of a roadmap for implementing the Act. See ESP Insider Express (U.S. Sentencing Comm'n Office of Education & Sentencing Practice, Feb. 2019) (stating that "[c]ourts will have to decide" certain issues concerning the effect of the First Step Act). Hence, the parties are at loggerheads in several respects.
>
> The Government and the Probation Office believe that the proper statutory vehicle for implementing the Act is 18 U.S.C. § 3582(c)(2), which provides that the court may reduce the term of incarceration of a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." The defendant disagrees, and argues that the relevant statute is 18 U.S.C. § 3582(c)(1)(B), which provides that "the court may modify an imposed term of imprisonment to the

3

extent otherwise expressly permitted by statute or by
Rule 35 of the Federal Rules of Criminal Procedure."
The practical effect of choosing one or the other
subsection would be to determine the extent to which
this Court can modify defendant's sentence:
specifically, whether the Court should simply
recalculate the defendant's Guideline sentence, or in
effect wipe the slate clean and conduct an entirely new
sentencing.

In addition, the defendant asserts that because,
in his view, he is entitled to a plenary resentencing
proceeding, the defendant has a right to be present.
The Government and the Probation Office disagree with
that assertion. Since defendant has executed a waiver
of his presence for this proceeding, the Court need not
decide that issue.

Finally, the defendant seeks a specific "new"
sentence of 123 months. The Government and the
Probation Office contend that a sentence of "time
served" is all that is required.

District courts across the country have been
dealing with these issues, in the wake of the enactment
of these statutes.

United States v. Sampson, 360 F. Supp.3d 168, 170 (W.D.N.Y.

2019). Of the proper vehicle for implementing the Act, the court

finds persuasive the reasoning of a recent opinion for the United

States District Court for the District of South Carolina.

There is some dispute over the procedure to
implement § 404 of the First Step Act. Some suggest
the proper vehicle is a motion for a sentence reduction
under 18 U.S.C. § 3582(c)(2). That provision allows
the court to reduce a defendant's previously imposed
sentence where "a defendant . . . has been sentenced to
a term of imprisonment based on a sentencing range that
has subsequently been lowered by the Sentencing
Commission pursuant to 28 U.S.C. § 994(o) . . . ."
Section 994(o), in turn, gives the Sentencing
Commission direction to periodically review and revise
the Sentencing Guidelines. However, the sentencing
changes wrought by the retroactive application of the

4

Fair Sentencing Act are not the result of the Sentencing Commission's revision to the Sentencing Guidelines, but Congress's enactment of a new statute. Therefore, by its plain terms, § 3582(c)(2) cannot apply.

The court believes the applicable provision is 18 U.S.C. § 3582(c)(1)(B), which provides that a "court may not modify a term of imprisonment once it has been imposed except that – (1) in any case – . . . (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Section 404 of the First Step Act expressly authorizes by statute changes to the penalty range for certain long-final sentences.

Section 404 must be read together with other existing statutes – including § 3582(c). See, e.g., United States v. Fausto, 484 U.S. 439, 452-53 (1988) (courts must carry out the "classic judicial task of reconciling many laws enacted over time, and getting them to `make sense' in combination."). Significantly, § 3582 provides an overarching provision that governs the finality of criminal sentences. See, e.g., United States v. Goodwyn, 596 F.3d 233, 245 (4th Cir. 2010) ("[T]he law closely guards the finality of criminal sentences," and "Section 3582, which governs the imposition of federal prison sentences, embraces this principle.").

Section 3582(c)(1)(B) provides a straightforward way to implement the retroactive changes in the First Step Act because it permits a modification of a sentence when "expressly permitted by statute," as the First Step Act does here. Other district courts analyzing First Step Act motions for relief agree. See, e.g., United States v. Davis, No. 07-cr-245S, 2019 WL 1054554, at *2 (W.D.N.Y. Mar. 6, 2019); United States v. Potts, No. 2:98-cr-14010, 2019 WL 1059837, at *2-3 (S.D. Fl. Mar. 6, 2019); United States v. Delaney, No. 6:08-cr-00012, 2019 WL 861418, at *1 (W.D. Va. Feb. 22, 2019); United States v. Fountain, No. 1:09-cv-00013, 2019 WL 637715, at *2 (W.D.N.C. Feb. 14, 2019); United States v. Jackson, No. 5:03-cr-30093, 2019 WL 613500, at *1 (W.D. Va. Feb. 13, 2019); United States v. Copple, No 17-cr-40011, 2019 WL 486440, at *2 (S.D. Ill. Feb. 7, 2019); United States v. Drayton,

5

Crim. No. 10-20018, 2019 WL 464872, at *2 (D. Kan. Feb. 6, 2019); United States v. Kambler, No. 09-cv-40050, 2019 WL 399935, at *2 (S.D. Ill. Jan 31, 2019).

> Section 3582(c)(1)(B) also fits the structure of § 404 of the First Step Act. Section 404(b) of the First Step Act and § 3582(c) both provide that multiple actors – including a district court, the Director of the Bureau of Prisons, the Government, and defendants – may initiate requests for sentence reductions. Statutory provisions in § 3582(c) cover: motions filed by the Government (such as motions under Fed. R. Crim. P. 35 addressed in § 3582(c)(1)(B)); motions filed by the Director of the Bureau of Prisons (such as motions addressed in § 3582(c)(1)(A) and (c)(2)); motions filed by defendants (such as motions addressed in § 3582(c)(1)(A) and (c)(2)); and proceedings initiated by the sentencing court (such as motions addressed in § 3582(c)(2)).
>
> When a defendant obtains relief under § 3582(c)(1)(B), that does not affect the finality of the original underlying sentence and judgment. United States v. Sanders, 247 F.3d 139, 142-43 (4th Cir. 2001) (explaining "[t]he plain language of 18 U.S.C. § 3582(b) establishes that a modification of a sentence does not affect the finality of a criminal judgment."). The limited scope of § 3582(c) proceedings is reflected in Fed. R. Crim. P. 43(b)(4). Under that Rule, "[a] defendant need not be present under any of the following circumstances. . . . The proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)." In short, § 3582(c)(1)(B) is the appropriate mechanism for granting relief under § 404 of the First Step Act.

United States v. Shelton, Cr. No. 3:07-329(CMC), 2019 WL 1598921, *2-3 (D.S.C. Apr. 15, 2019). Like the Shelton court, this court agrees that any sentence reduction should be implemented pursuant to 18 U.S.C. § 3582(c)(1)(B).[1]

---

[1] Although the court has concluded that defendant has no right to be present for imposition of a reduced sentence, the court notes that defendant has waived any right to be present

6

Based on the foregoing considerations, defendant's motion is **GRANTED** and it is further **ORDERED** that defendant's previous sentence be reduced to time served[2] with a three-year term of supervised release to follow.  In all other respects, defendant's original sentence remains unchanged.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Judgment Order to defendant, the Federal Public Defender, counsel of record, the United States Marshal for the Southern District of West Virginia, and to the United States Probation Office for forwarding to the Sentencing Commission and Bureau of Prisons.

It is SO ORDERED this 22nd day of May, 2019.

                    ENTER:

                    *David A. Faber* (signature)
                    David A. Faber
                    Senior United States District Judge

---

should the court impose a time-served sentence.

[2] The sentence of time served is within the revised guideline range and avoids any issue with "banked time."  See, e.g., United States v. Jackson, Criminal Action No. 5:03-cr-30093, 2019 WL 613500, *2 (W.D. Va. Feb. 13, 2019).